UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> HENSLEY ENGINEERING GROUP, LLC, THE HENSLEY ENGINEERING GROUP 401(K) PLAN, And THE ESTATE OF LISA HENSLEY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:10-cv-01082-WJ-RHS |

CONSENT JUDGMENT & ORDER

This action was brought by Plaintiff, Secretary of Labor, United States Department of Labor, against Defendants, Hensley Engineering Group, LLC ("*Defendant HEG*"), The Hensley Engineering Group 401(k) Plan ("*Plan*"), and Lisa Hensley[1] (*"Defendant Hensley"*) (collectively, *"Defendants"*), pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., hereinafter referred to as ERISA.  The Defendants, appearing through counsel, admit to the jurisdiction of the Court over them and over the subject matter of this action and, have agreed to the entry of judgment without contest.

It is therefore, upon joint motion and for good cause shown,

**ORDERED ADJUDGED AND DECREED** that:

---

[1] Lisa Hensley died on April 25, 2012.  The Complaint (Doc. 1) named her as a party defendant.  At the parties' request, the Court dismissed Ms. Hensley as a defendant by Order dated January 26, 2012 (Doc. 17).  As set forth in the parties' April 9, 2012 Joint Motion to Extend Stay (Doc. 23), which was granted on April 10, 2012 (Doc. 24), the parties' advised that with Mr. Raymond Hensley's death, Ms. Hensley succeeded to his interests in Defendant HEG and thus his authority to function as a fiduciary capable of participating in the resolution of this action. As the Estate of Lisa Hensley is a necessary party to the effective and full resolution of this matter, the parties concurrently with the filing of the instant Consent Judgment & Order have filed a Joint Motion to Rejoin the Estate of Lisa Hensley (Doc. 26).

1. Defendant HEG was a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), in that it had or exercised discretionary authority and responsibility with respect to Plan administration and management and exercised actual control over Plan assets.

2. Defendant Hensley, at all times herein mentioned, was the President of HEG, the acting Plan Administrator, and the named Plan Trustee.  Accordingly, Defendant Hensley was a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), in that she had or exercised discretionary authority and responsibility with respect to Plan administration and management and exercised actual control over Plan assets.

3. The Plan is, and at all times hereafter mentioned was, an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). The Plan was established by, and at all times hereinafter mentioned, was maintained by Defendant HEG, an employer engaged in commerce or in an industry or activity affecting commerce, and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).

4. During the period from June 2007 through December 2007, Defendant HEG and Defendant Hensley failed to ensure that all employee contributions and Plan assets were remitted to the Plan and failed to undertake efforts to pursue or protect the Plan's right to collect employee contributions owed to the Plan.  This conduct violated ERISA Sections 403(c)(1), 404(a)(1)(A) and (B), and 406(b)(1) and (2).

5. As a result, the Plan, its participants and beneficiaries have sustained losses for which Defendants are jointly and severally liable.

6. Total losses attributed to the named Defendants' breaches consist of principal losses of $48,528.30 and lost opportunity costs of $7,732.47 calculated through March 30, 2012, for a cumulative Plan loss of $56,260.77.

7. To redress the fiduciary breaches that occasioned the aforementioned Plan losses, it is further **ORDERED, ADJUDGED, AND DECREED** that:

A. The Defendants shall make restitution in the amount of $35,476.06 to the Plan by effecting offset of the Plan account balances of Defendant Hensley and her husband and joint owner of Defendant HEG, Raymond Hensley, pursuant to ERISA §206(d)(4), 29 U.S.C. § 1056(d)(4). To the extent not specified in the Plan documents, the Plan is deemed amended to authorize offset.

B. Defendants shall contract with a third party administrator to undertake all actions necessary to effect the aforesaid offset, allocate the proceeds pro rata among the accounts of the eight participants specified below, process rollovers or distributions as requested by the participants, and terminate the Plan.

C. The eight participants are as follows:

| | |
|---|---|
| Daniel Andrews | Raymond Macy |
| Candelaria, Erin | Manuel Ortiz |
| Brandon Hensley | Darin Roberts |
| Richard Hoggins | Henry Rosoff |

D. Defendants may authorize that all reasonable and necessary expenses not to exceed $4,500 associated with Plan administration and termination may be allocated pro rata among the accounts of the eight eligible participants. Defendants shall be responsible to pay any additional expenses that exceed $4,500.

E. This Consent Judgment resolves all claims of Plaintiff's Complaint with respect to Defendant Hensley and Defendant HEG with the following exceptions:

a. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

b. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502(l) of the Act.

      c.      This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

      F.      Each party shall bear its own cost and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

      G.      No Plan assets will be used to pay the attorneys fees, costs, and other litigation expenses incurred by any of the Defendants in this action.

_____
UNITED STATES DISTRICT JUDGE

The parties approve the Consent Judgment and Order as to form and substance:

| FOR DEFENDANTS: | FOR PLAINTIFF: |
|---|---|
|  | M. PATRICIA SMITH |
| THE HENSLEY ENGINEERING GROUP, LLC., | Solicitor of Labor |
|  |  |
|  | JAMES E. CULP |
|  | Regional Solicitor |
|  |  |
|  | /s/Robert A. Goldberg |
| /s/Clinton W. Marrs | ROBERT A. GOLDBERG |
| CLINTON W. MARRS | Counsel for ERISA |
| Attorney |  |
|  | ROBERT C. BEAL |
| Smidt Law Firm | Senior Trial Attorney |
| 4811-A Hardward Drive NE, Suite 4 | Trial Attorney-in-Charge |
| Albuquerque, New Mexico 87109 | TX Bar No. 01951400 |
| (505) 830-2200 | Email:  beal.robert@dol.gov |
| (505) 830-4000 |  |
|  | U.S. Department of Labor |
|  | Office of the Solicitor |
| LISA HENSLEY and THE HENSLEY | 525 S. Griffin Street, Suite 501 |
| ENGINEERING GROUP 401(K) PLAN | Dallas, TX  75202 |
|  | (972) 850-3100 |
|  | (972) 850-3101-fax |
|  |  |
|  | LOCAL COUNSEL: |
|  |  |
|  | KENNETH J. GONZALES |
| /s/Bruce J. Puma, Jr. | United States Attorney |
| BRUCE J. PUMA, JR., Esq. |  |
| Special Administrator for LISA HENSLEY | ELIZABETH M. MARTINEZ |
|  | Assistant United States Attorney |
| Swaim, Finlayson & Puma, P.C. |  |
| 4830 Juan Tabo NE, #F | United States Attorney |
| Albuquerque, New Mexico 87111 | District of New Mexico |
| (505) 237-0064 | P.O. Box 607 |
|  | Albuquerque, New Mexico 87103 |
|  | Telephone: (505) 346-7274 |
| Attorneys for Defendants. | Facsimile:  (505) 346-7296 |
|  |  |
|  | Attorneys for Plaintiff |
|  | RSOL No. 10-00686 |